## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| **v.** | : | **NO. 26-23, 1-20** |

**JALEN SMITH**  :
  a/k/a "J,"
**MARVES FAIRLEY**  :
  a/k/a "Vez,"
  a/k/a "Vezino,"  :
  a/k/a "Vezino Locks,"
**SHANE HENNEN**  :
  a/k/a "Sugar Shane,"
**RODERICK WINKLER**  :
  a/k/a "Big Rod,"
**ALBERTO LAUREANO**  :
  a/k/a "Ferg,"
**ARLANDO ARNOLD**  :
  a/k/a "Mo,"
**SIMEON COTTLE**  :
**KEVIN CROSS**
**BRADLEY EZEWIRO**  :
**SHAWN FULCHER**
**CARLOS HART**  :
**MARKEESE HASTINGS**
**CEDQUAVIOUS HUNTER**  :
  a/k/a "Dae Dae,"
**OUMAR KOUREISSI**  :
**DA'SEAN NELSON**
**DEMOND ROBINSON**  :
**CAMIAN SHELL**
**DYQUAVION SHORT**  :
  a/k/a "Jah,"
**AIRION SIMMONS**  :
**JALEN TERRY**
  *Defendants*

## O R D E R

**AND NOW**, this 14th day of April 2026, upon consideration of the Government's

*motion for continuance of the trial and pretrial motions deadlines, and for designation of this*

*matter as a complex case*, (Doc. 232), it is hereby **ORDERED** that the motion is **GRANTED**.

Accordingly, this Court finds:

1.      This case is so unusual and complex, due to the nature of the prosecution, the number of charged Defendants in multiple charging documents, the volume of discovery materials, and the large amount of witnesses, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

2.      This Court has determined that this case is unusual and complex for the following reasons:

(a)      The indictment in this matter charges a total of 20 defendants with multiple counts, including bribery in sporting contests, in violation of Title 18, United States Code, Section 224; conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349; wire fraud, in violation of Title 18, United States Code, Section 1343; and aiding and abetting, in violation of Title 18, United States Code, Section 2, in an alleged international bribery, fraud, and point-shaving scheme that lasted for more than two years.  Six other Defendants are charged in related cases.

(b)      The breadth and scope of the investigation is far-reaching.  The allegations in the indictment describe a scheme involving at least 6 "fixers," who led the point-shaving scheme, and more than 39 players on more than 17 different National Collegiate Athletic Association ("NCAA") Division I men's basketball teams, who then fixed and/or attempted to fix more than 29 NCAA Division I men's basketball games.  The scheme also allegedly involved fixing Chinese Basketball Association ("CBA") men's basketball games.  The indictment charges offenses committed throughout the United States and in China, and many of the Defendants and their counsel continue to reside outside of the Eastern District of Pennsylvania.  The investigation remains

ongoing.

(c)    The discovery in this matter is voluminous. It includes thousands of pages of subpoena and search warrant returns, complex financial and gambling records, lengthy audio and video recordings, and extensive electronic evidence, such as text messages, iCloud messages, and other social media messages from cellular telephone and electronic communications providers, among other electronic and physical records, collected during a long-term investigation.  The discovery also includes numerous statements from cooperating witnesses, law enforcement, eyewitnesses, and coconspirators contained in reports of interviews and grand jury transcripts.

(d)    The number of witnesses in a trial would likely be more than several dozen individuals, including cooperating witnesses, law enforcement from throughout the United States, forensic and financial witnesses, records custodians, and civilian witnesses from sportsbooks, men's basketball teams and organizations, and governing bodies, among others.

(e)    If Defendants choose to file pretrial motions, these motions may be extensive, given the complexity of this case, and could require protracted pretrial litigation.

(f)    Other related matters are also pending and under seal at this time.

3.    The ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

4.    The failure to grant a continuance will likely result in a miscarriage of justice and will deny defense counsel the reasonable time necessary to prepare effectively the defense, taking into account the exercise of due diligence. *See* 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv).

5.      This request for a continuance is not being granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain witnesses on the part of the government's attorneys. *See* 18 U.S.C. § 3161(h)(7)(C).

Accordingly, it is hereby **ORDERED**, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(ii), that this matter is continued beyond the time established by the Speedy Trial Act and that the delay resulting from this continuance shall be excluded from speedy trial calculations because the ends of justice served by such continuance outweigh the best interests of the public and the defendants in a speedy trial.  Furthermore, the pretrial motions filing deadline is continued, and a scheduling order will follow.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*