IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 26-23, 1-20 |
| JALEN SMITH<br>  a/k/a "J," | : | |
| MARVES FAIRLEY<br>  a/k/a "Vez,"<br>  a/k/a "Vezino,"<br>  a/k/a "Vezino Locks," | :<br><br>: | |
| SHANE HENNEN<br>  a/k/a "Sugar Shane," | : | |
| RODERICK WINKLER<br>  a/k/a "Big Rod," | : | |
| ALBERTO LAUREANO<br>  a/k/a "Ferg," | : | |
| ARLANDO ARNOLD<br>  a/k/a "Mo," | : | |
| SIMEON COTTLE | : | |
| KEVIN CROSS | | |
| BRADLEY EZEWIRO | : | |
| SHAWN FULCHER | | |
| CARLOS HART | : | |
| MARKEESE HASTINGS | | |
| CEDQUAVIOUS HUNTER<br>  a/k/a "Dae Dae," | : | |
| OUMAR KOUREISSI | : | |
| DA'SEAN NELSON | | |
| DEMOND ROBINSON | : | |
| CAMIAN SHELL | | |
| DYQUAVION SHORT<br>  a/k/a "Jah," | : | |
| AIRION SIMMONS | : | |
| JALEN TERRY<br>    *Defendants* | | |

**O R D E R**

**AND NOW**, this 22ⁿᵈ day of April 2026, upon consideration of the Government's

unopposed *motion protective order and any responses to the motion* (Doc. 233), it is hereby

**ORDERED** that the motion is **GRANTED**. Accordingly, the Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure with regard to all discovery provided or to be provided by the Government (hereinafter the "Protected Discovery Materials"). The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the Government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the Protected Discovery Materials and concludes that, at this stage of litigation, no common law right of access has attached to those records. *See id*. at 208-11. On balance, the public's interest in those discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. *See* Fed. R. Crim. P. 16(d)(1); *Wecht*, 484 F.3d at 212.

It is further **ORDERED** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that the Defendant, defense counsel, investigators, experts, and all other such persons assisting defense counsel may make such use of the Protected Discovery Materials only as is necessary to assist in the defense of this case. Any counsel, Defendant, or other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than the defense of the criminal matter, and may not disclose the Protected Discovery Materials or information contained in the Protected Discovery Materials to any third party, except as required to assist in the defense of this case. Defense counsel shall maintain a record of every person (other than counsel, defendant, or employees of counsel) to whom disclosure of the Protected Discovery Materials is made.[1]  Defense counsel shall provide each such person with a copy of this order and shall obtain from each at the time of disclosure the following statement:

> I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendant in the defense of this case. I have read the Order of the Court dated _____, permitting such disclosure to me, and

agree as directed in that Order that I will use the discovery materials only to assist in the defense of this case, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court.

In the event that an issue regarding this Order is submitted to the Court, and the Government contends that some or all these records of disclosure are relevant to its resolution, the defense may assert any applicable privilege over the records.  If the Court deems it necessary to review the records in the course of deciding the issue presented, review will be *in camera* and/or *ex parte* as the Court determines to be appropriate.

It is further **ORDERED** that defense counsel and Government counsel may by mutual agreement exempt from the operation of this Order any document that they conclude

---

[1]	Where disclosure is made to an entity providing support for the defense of the case, such as a litigation technology support firm, defense counsel shall maintain a record of the responsible individual to whom disclosure is made, and that person shall be responsible for compliance with this Order within the entity.

does not require the protection of this Order, for example because it has otherwise legitimately been widely publicly disseminated or because its disclosure would not harm any person.

It is further **ORDERED** that within 30 days of a request from the Government issued upon the conclusion of the case, defense counsel shall collect all copies of the Protected Discovery Materials from any third party to whom disclosure was made and shall assure that all copies of such material have been destroyed in a secure fashion. Defense counsel shall then promptly certify to the Government the date of destruction of all Protected Discovery Materials.

It is further **ORDERED** that this Order may be revised by the Court at any time; that nothing in this Order will preclude the Defendants upon motion from seeking additional discovery, from challenging the inclusion of particular discovery materials under this Order, or from conducting any independent investigation; and that nothing in this Order shall grant the Defendant any additional right to obtain access to materials from the Government.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*