IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 26-0023-18** |
| **DYQUAVION SHORT** | : | |
| **a/k/a "JAH "** | : | |
| *Defendant* | : | |

**PRELIMINARY ORDER OF FORFEITURE**

**AND NOW**, this 6th day of November 2026, upon consideration of the Government's *motion for Judgment and Preliminary Order of Forfeiture*, (Doc. 351), it is hereby **ORDERED** that the motion is **GRANTED** based on the following: assertions:

1. As a result of Defendant Dyquavion Short's ("Defendant") guilty plea as to Count One of the Indictment, charging him with bribery in sporting contests, in violation of 18 U.S.C. § 224 (Count One), Defendant is required to forfeit criminally all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violation of 18 U.S.C. § 224, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).
2. All property that constitutes or is derived from proceeds traceable to Defendant's violation of 18 U.S.C. § 224 is forfeited to the United States.
3. The sum of $15,000 represents the value of property which constitutes or is derived from proceeds that Defendant obtained and are traceable to his commission of the offense charged in Count One of the Indictment.
4. Defendant shall forfeit to the United States $15,000 in proceeds that he obtained and are traceable to his violation of 18 U.S.C. § 224, as charged in Count One of the Indictment,
5. A money judgment in the amount of $15,000 is hereby entered against Defendant.
6. Pursuant to 21 U.S.C. § 853(p), due to Defendant's acts or omissions, these proceeds are not currently available, cannot be located upon the exercise of due diligence, have been transferred to, sold to, or deposited with third parties, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, and/or have been commingled with other property that cannot be divided without difficulty. Therefore, the United States is authorized to seek forfeiture of substitute assets of Defendant up to the amount of the uncollected money judgment.

7. The Government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to Defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Order of Forfeiture may be made final as to Defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

9. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

10. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*